McClaren, presiding, along with Justice Mary Shostak and Justice George Bridges. The case is No. 2-19-0017, People of the State of Illinois, Plaintiff-Appellee v. Richard Janusz, Defendant-Appellant. Arguing for the Appellant, Stephen L. Richards. Arguing for the Appellee, Richard S. London. Thank you. Mr. Richards, you may proceed. Thank you, Your Honor. And if I may ask just now, can you hear me properly? I have no problem. Great, thank you. My name is Stephen Richards, and I represent the Appellant in this case, Richard Janusz. As Your Honors are aware, he was convicted of aggravated criminal sexual assault after a jury trial and sentenced to 101 years. I'd like to thank the Court for this opportunity of making this argument, albeit in an unusual fashion. And I think this case is one in which Your Honor's questions will be more important than my argument, so I'll keep my initial statement brief. As Your Honors are aware, this is a case in which the Defendant was not arraigned until, I believe, 603 or possibly 630 days after the date of his arrest. And further, that the Court noticed the lack of arraignment in a period which was over a year after the Defendant had been arrested. And despite ordering an arraignment at that point, the Defendant was not arraigned finally until 120 days after the Court noticed the original lack of arraignment. Now, let me sweep aside, if I can, one argument, or I think the major argument that the Appellee makes. The Appellee makes the argument that there is no precedent on this issue. And in the sense of binding direct precedent, they are absolutely correct. There are no cases that hold that an arraignment must be conducted within a specific time, and there are no cases which hold that an arraignment cannot be, must be conducted within a specific time. It's a case of first impression. But as I pointed out in my reply brief, every legal principle originally originated in a case of first impression, by definition. That's how the law is fully decided. And far from not citing any precedent, I believe in my opening brief and reply brief, I cited considerable persuasive authority for the two major challenges to the late arraignment. The first challenge, which needs to be stated quite simply, is that an arraignment must and should be held within a reasonable time. I cannot think of a case in my memory, and I know Your Honors were all once trial judges and have similar memories. I would ask Your Honors to think if there's a case in their memory where an arraignment was delayed for such a length of time, particularly for such a length of time after new charges had already been filed. So there was both an indictment and new charges filed, but still a considerable delay in the arraignment. So I think as the general principle, the court should accept the idea that an arraignment must be held within a reasonable time. And this is apart from any effect on defendant's speedy trial rights. As Your Honors are aware, arraignment is a critical stage of proceedings. It's the procedure where the defendant has to have counsel, the first time he has to have counsel, and it's the procedure whereby he's informed of the charges and he pleads guilty or not guilty. From time out of mind in English American jurisprudence, this has been regarded as a important proceeding and as a necessary precondition for trial. One may argue about what a reasonable time is. I would suggest a reasonable time is no more than 120 days. But no one, I would suggest, can argue that 630 days is a reasonable time. It's not. It's unreasonable. And as I pointed out in my brief, defendant has no right to seek a continuance of arraignment, no right to object to an arraignment. An arraignment is something that happens without the defendant asking for it and which is the obligation of the court and maybe to a lesser extent the prosecutor to schedule and hold. Now, in terms of the speedy trial rights, a number of points should be made. First, defendant agreed to continuances of court dates, but he never specifically agreed or requested a continuance of the arraignment. That's not on the record. Second, it is established law, and I cited the case of People v. Boyd in my reply brief, that a defendant cannot agree to continuance of trial date where no trial date has been set, arraignment being a necessary condition for trial. And a similar effect is People v. Williams, which holds that where there are new charges filed, all previous charges are converted from agreement dates to mandates. So even though defendant did agree to further court dates and to delay in trial, no trial date had been set, and no trial date could be set until the arraignment was just a necessary precondition. The fact that defendant has rights with respect to the arraignment and the timing of arraignment is also provided by the rule, which says that if the defendant pleads without objection or makes no argument as to arraignment, the trial can proceed. The state was helpful enough to cite the case of People v. Foley, which held that where there's no arraignment and a trial is held, the trial is a nullity. I would suggest in this instance where the arraignment is unreasonably delayed, and it was unreasonably delayed in this case, that again, the trial is a nullity. So with respect to the speedy trial argument, it has always been held that the time between arrest and arraignment is, under usual circumstances, attributable to the state or the court and not to the defendant. I think that applies in this instance. In addition, the general, since the defendant cannot object to the arraignment or seek a continuance although sometimes that's been done, the court has granted continuance of the arraignment, the defendant really does not have an obligation to bring this to the court's attention or to otherwise make a fuss before he's actually arraigned. It was entirely the court and the state's fault that he was not arraigned, and that's detailed in the briefs. At one point, the state's attorney says, you know, something like, good God, I hope he was he was arraigned because it's been a long time, this is the first time this was noticed. The state's attorney mistakenly put down in his notes that he was arraigned, even though he was not, everyone agrees on that. So for those reasons, the case should be dismissed, both on due process and speedy trial grounds. I will waive any argument as to the second point, because I think the court, they have questions, or if you have questions, can address that. But with that, I am open to the court for questions, and I invite them. Justice Bridges, do you have any questions? I do. The first question I have, Mr. Richards, deals with your last comments when you said the defendant never requested continuance of the arraignment. If the next step after his bond hearing is the arraignment, and defendant's counsel asks for additional time to review the charges or the indictment, and to take care of the defendant's divorce proceedings, isn't that, in fact, a request to continue the arraignment? No, I don't believe so, and I don't think it was continued to a specific date. It should also be noted that although the defendant may request continuance of an arraignment, he has no right to it, and that's been held in the case law. I mean, the court could have decided to arraign him notwithstanding. Moreover, after all that sequence of events, the defendant was actually, new charges were put forward a few months later, and added. So, at the minimum, the defendant had to be arraigned on the new charges. And not only was he not arraigned on the old charges, he wasn't arraigned on the new charges. As the new charges, the defendant's counsel never requested any sort continuance of the arraignment. You know, as I said in my brief, this was a comedy or maybe a tragedy of errors. There was a time when the court said, let's have the arraignment on a certain date. I think it was November 12th of some year, and then no court date was held because the case motioned up early, and everybody forgot, and so on. But I don't think the state has not made a waiver argument with respect to this issue, and particularly with respect to the reasonable time issue. I think even had, if we construed defense counsel's request as a request for a delay in the indictment, defense counsel certainly never requested a delay of 600 days. I mean, that's okay. And counsel, I noticed in your brief that you failed to cite or list in your statement of any of the continuances attributable to the defendant. Aren't they important in determining the speedy trial issue and why you still harp on the 630 days, but you acknowledge that some of the continuances before the arraignment were, in fact, caused by the defendant? So why weren't they included in your statement of facts? Okay. Well, I think I made clear in my statement of facts and in my argument that I was not contesting the calculation that the defense counsel agreed to those continuances, and under normal speedy trial principles, without taking the arraignment out of the picture, that would have killed any speedy trial argument. The question, though, is are the agreed continuances counted in this instance where no arraignment was held, and no expile date would be set until the arraignment was completed? And this is simply an extension of the principle in Peacepool v. Williams, where, as in this case, the defendant agreed to every continuance. But when the state took it upon themselves to bring new charges after the 120 days had expired, the court held that as to the new charges, every by agreement continuance was converted into a demand continuance by law. And that is what we assert should and could happen here. And you never raised the issue of speedy trial as to the additional counts at the trial court. Is that correct? No. And I think the reason was as to the additional counts, those did occur within the 120 days. So a typical Williams argument I don't think was available to the defendant. And I think that's noted in the record. There's some discussion of it. Except for the absence of the arraignment. And that's what makes all the difference. You also cite section 103.5a as requiring defendant's arraignment within 120 days. However, doesn't this section only deal with the time frame from custody to trial? It doesn't address arraignment? You mean the Speedy Trial Act does not specifically address arraignment? That's true. But on the other hand, the Speedy Trial Act also does not specifically address the issue of new charges. That was addressed by case law in Williams and the succeeding cases. So the fact that arraignment is not mentioned I don't think is particularly determined into it. The Supreme Court a long time ago in the case of people versus nunnery said, the way you measure speedy trial rights are from arrest to from arrest, no matter whether a trial date has been set or not. It's never mentioned, it's never measured against a specific trial date. And that fits in with the point that without an arraignment, you can't have a trial, not a legal trial. Thank you, Mr. Richards. Justice, I have no further questions. Thank you. Does Justice Shostak have any questions? A few. I think we just covered most of them. But you indicated there are no cases concerning the arraignment. There are no statutes, no Supreme Court rules, anything that requires that defendant be arraigned within a certain period of time and that that would impact speedy trial? Well, in terms of Supreme Court rules or cases, I think the answer is no. But let me make a few comments on that. One, many circuits, and this would be a good idea in this and every other circuit, have set times for arraignment, none of which, by the way, is 600 days. They're all 30 days, 45 days, something. The other point I would make is that although there's no Supreme Court case on the point, the second district case of Peeble v. Boyd, which is cited on page five of my reply brief, does address the issue, I think at least in a sideways way, by saying a defendant cannot agree to a continuance of a trial date where no trial date has been set, arraignment being a necessary precondition for trial. So our position would be that without arraignment having happened within these 600 days, a defendant cannot be legally held under the Speedy Trial Act or any court rule to have agreed to a 600-day continuance. I think that would be ridiculous. I mean, no one agrees to a 600-day continuance of an arraignment. I mean, after all, the purpose of an arraignment is to tell the defendant the charges, to get a plea together. I mean, the only reason to delay the arraignment might be as in the beginning of this case where there's some issue as to discovery or who counsel is going to be or divorce proceeding issue or whatever. But in normal circumstances, an arraignment takes place, and then once the arraignment takes place, you can set a trial date. And once you set a trial date, the defendant can either opt to agree to continuance or to demand trial. Okay, thank you. So then what I'm understanding is you're not disputing that the delays that were occasioned by a defendant were told to speedy trial, correct? No, normally they would, but in the absence of arraignment, they do not. Normally they would, but in the absence of arraignment. Okay, I got you. So then you aren't disputing that the speedy trial issue was contributed to by the defendant as well, correct? Well, I'm not disputing that the defendant agreed to continuance of court dates. Right. Absent the lack of an arraignment, you're not disputing that. Absent, if there's no issue as to the arraignment, I would have no good argument on speedy trial and would not have such an argument. All right, thank you. So the fact that there was not an arraignment or you feel it was too lengthy, where is the prejudice to defend it? Well, I don't think that in an instance like this, you need to show prejudice. After all, in the speedy trial context, no prejudice need be shown. If the speedy trial is violated, it's violated no matter if one could say that had the defendant been speedily trialed, he would have been convicted. So I don't think- But in speedy trial under 1035A, it clearly sets out the number of days for speedy trial, doesn't it? So therefore, prejudice need not be shown. Correct. But I think in this particular context, first of all, the defendant, the appellee or the state has not argued harmless error or lack of prejudice. They just argue there is no violation either of due process or speedy trial. So if that is an issue, it's not an issue that's been raised by the parties and I don't think the court need deal with. In many instances- We can affirm on any issue, can we not? Your Honor can certainly reach out beyond the party's briefs and affirm on the ground that has not been raised by the party, certainly. If this is to be an issue, I would request that perhaps the court should argue supplemental briefing on the issue of prejudice and harmless error. And I would have a number of things to say about that, including structural error and other arguments. But- Okay. My next question to you is regarding lesser included offenses. The defendant's testimony with respect to him asking for the lesser included offenses was heard by the trial court. The trial court found him not credible with respect to his explanation. Do we not give deference to the trial court's credibility findings? Some, but it's not absolute. In this particular case, I would say the- I frankly didn't understand the judge's reasoning. It wasn't like he said, I looked at him, I viewed his demeanor, he seemed to me to be lying. What he said was if defendant knew that it could be- this issue could be raised at the motion to dismiss stage, the defendant should have also known that he could have requested it from the jury. But I don't see how one follows from the other. I mean, this was not a lawyer, he's not skilled in legal procedure. If nobody told him that he could ask the jury for the lesser included offense, the same thing which his attorney had basically asked the judge for, then I don't think that was a reasonable credibility finding given that reasoning. If the judge had said something like, I don't believe him or had his attorney testified, which he did not, and the state didn't ask for him to testify, that might be a different matter. And the judge had another reason for denying it, which is he thought that this was not a lesser included offense. And in our briefs, we've dealt with the issue, and I believe it is lesser included offense and should have- could have been given at defendant's request. Okay, thank you. I have no further questions. Justice McLaren. Thank you. Justice Shostak alluded to, and you responded to the issue of structural error and prejudice or structural error and not the need to establish prejudice. And I'm curious as to why, having failed to raise prejudice to the extent that you have been arguing that 630 days is unreasonable, you don't explain, at least you haven't done so during oral argument, how this- when the defendant is asking for continuances almost at nauseam so that he can get his money out of his divorce and marital estate in order to pay for his defense counsel or for the defense of his cause, that this would constitute prejudice. So when I was reading the briefs, I had a difficulty with the concept that under the circumstances, this delay of 630 days when this man was asking for continuance after continuance or by agreement after by agreement because he needed the money to pay for his defense that he could claim prejudice. And so the only alternative I could come up with was it must be structural error, but you don't seem to raise structural error. So why is this not forfeited, structural error? Well, I would say it's not forfeited because, first of all, the issue of harmless error, which is the same as prejudice, the burden of raising that issue and proving that issue is normally on the state, the appellee, not me. So I don't think there's any waiver of a claim of structural error or of prejudice, particularly because structural error by definition doesn't require specific prejudice, it just requires you showing the error, which I have done. So aside from calling the error structural error, I don't think I would not agree that I've waived anything. I would say the opposite is true. The state, by not proving alleging or proving harmless error, which is their burden to do, has waived that argument. The problem I have with your syllogism or your logic is that the delay is error. The delay is only error if supposedly it violates the speedy trial rule. Because if your client keeps asking for continuances, and as Justice Bridges said or implied, it was on his motion that this case was continued over and over again, and it is implicit in the fact that he kept asking for continuances that the need for an arraignment was unnecessary if not extraneous to the present point. So I'm having difficulty buying your argument that the delay is even error, and even more so, you say that the court and the state is required to have an arraignment. Isn't there a requirement that someone has to object if they're a defendant and they want to be arraigned and it isn't happening? No, I don't think there is such a requirement. I think once the arraignment took place, defendant filed a timely objection to the timeliness of the arraignment and to violation of speedy trial, that was litigated. I don't think anything was waived by the fact that he agreed without specifically holding his hand up and saying, please, please, please arraign me. I mean, in fact, the case law is to the contrary. For example, people versus Nunry, people versus Boyd, all of these cases imply, and some of them actually state that the arraignment is something that it's not like, it's not like a trial. It's a necessary precondition to a trial, which has to happen. Now, it may be that, you know, the requirement is antiquated, must be, was more important historically years ago. All these things may be possible, but the fact is it exists and it's requirement. And the defendant never agreed to a continuance of the arraignment. He didn't have to. It was the state's and the court's obligation to hold it. And they didn't hold it. Now, as the point of prejudice, I would say two things. One, remember, there's two arguments. One that was unreasonable beyond the date. And second, that there's a violation of speedy trial. Now, you know, if in a civil case, if a plaintiff brings a complaint two years and one day after the date of an incident, let's say a tort, and then the defendant objects and says, you know, you're outside the statute of limitations. And then the plaintiff comes back and says, well, what does it matter? One day, I've got a good case, give me a break. You know, your honor, is what you would do. You would say goodbye. It's one day past the statute of limitations, unless there's some reasonable excuse, that's it. And in similar fashion, I think in this case, a reasonable period of time for an arraignment is something which it's on the court and to a lesser extent, the prosecution to arrange and to do. To cite your example, in a typical tort case, if the plaintiff's counsel is counseling or discussing settlement with the opposing counsel or with the insurance company who's insured the defendant, if there is a delay caused by representations made by the defendant, then the two-year statute of limitations doesn't apply because there's an estoppel that arises, or a determination that there was a waiver of the statute of limitations by the way in which the defendant was proceeding. And why wouldn't that analogy apply here? I think it would apply here simply because, number one, that's not an argument the state has made. I mean, although it's an argument the court, your honors can reach out to, but they didn't make an argument that there was lack of prejudice. They didn't make an argument with respect to speed trial that there was agreement as to court dates. And I think I've perhaps ad nauseum stated my position as to that and why it doesn't apply in the instance of a lack of an arraignment. So I think there's potential estoppel arguments, but they haven't been made by the appellee, and I've had no occasion to respond to them. I mean, obviously that would involve us in a whole other series of arguments and litigation, which I'm happy to engage in. I would just like to have the opportunity to write it up if that's what the court wants. When the state, it seemed to me that in, at least to a certain extent, the state argued that there was a lack of prejudice because the would be a violation of the speedy trial rule. Am I wrong in assuming that that is either rational or logical or both? It's certainly not explicit because the state never, I don't think the state uses the word prejudice in the brief. If they did, I will stand corrected. So since it's a statutory violation that you're referencing, I don't know that necessarily have to prove prejudice, whereas you would have to prove prejudice, I think, with the constitutional right to a speedy trial. Well, actually, I think your honor, first of all, we haven't raised the amendment right to speedy trial, and that was not raised below. And I would agree that under Doggett versus U.S., prejudice is one thing to be taken into account, although it's not determinative. But we haven't raised a constitutional speedy trial argument. What we have raised is a due process argument, which is that defendant should be arraigned within a reasonable period of time, and that is separate, although complementary to the speedy trial argument. I have no further questions. Does the panel have any other questions? I have no further questions. No, not at this time, so thank you. Okay, thank you. Mr. Richards, you'll have an opportunity, pardon me, to make rebuttal. Mr. Lundin? Yes, thank you. Mr. Lundin, you may proceed. Good morning, your honors. Counsel may please the court, Richard Lundin on behalf of the people of the state of Illinois. Your honors, as the people noted in their brief, defendant has not cited a single authority for the proposition that any delay prior to arraignment cannot be attributable to a defendant. In each of the cases cited by defendant, the holding related to the fact that the defendant in those cases did not cause or contribute to the delay. The issues had nothing to do with arraignment or whether defendant could cause delay prior to being arraigned. A defendant is not entitled to a speedy arraignment, but even if that law was in existence in similar speedy trial, the concerns are whether or not the term is told when, as in this case, the defendant requests or agrees to the continuance. The few cases that the people found they cited in their brief, the main one being People v. Foley, in which this court, although quite a while ago, found that the defendant was improperly tried when in the middle of trial they attempted to bring new charges or new indictments to correct faulty indictments. The remedy in that case, however, was while the court did say that the trial was a they did not just dismiss the charges. They remanded for a new trial after the arraignment. So even in mid-trial, the court found that the only problem was that the defendant had not been arraigned prior to trial, that he was entitled to be arraigned and entitled to look at what defenses he might have after that arraignment. In this case, defendant was advised of all of the charges the same day they were brought. He received copies of the grand jury transcripts and had counsel provided on that same day. Admittedly, he was not arraigned until approximately two years later. However, he was also arraigned approximately two years prior to trial. He was able to prepare his defense and there was no harm as a result of the delayed arraignment. Defendant did not object until almost a year after he was arraigned. The people will not really get into the speedy trial claim specifically as defendant has pretty much acknowledged that he is not challenging speedy trial, but for the delay in the arraignment. We did exhaustively go through and show that in this case, the delay was occasioned almost exclusively by defendant, certainly at the very least by agreement. As shown above, as I said, each continuance was by defendant. His request was with his acquiescence and defendant, again, perhaps it's a case of first impression because no defendant before has challenged it because there is nothing that requires that a speedy arraignment be given. Should arraignment have taken place earlier? Of course. No one disputes that, but is there any requirement? No. For this reason, this court should affirm the convictions and should not grant defendant relief on this issue. I was going to briefly return to the second issue. On the second issue, the trial judge specifically found that defendant was not credible and that counsel exercised strategy in not asking for lesser included facts. To the extent that defendant now says, well, we don't have to follow or maybe shouldn't follow the trial court's finding because he didn't state the reasons why, there is no need for a judge to state on the record why he found that the defendant or any witness is or is not credible. I would suggest that in this case, it's actually kind of strange, but to the extent that maybe the defendant spoke too much at the hearing, because to the extent that he claimed that he was aware that he could raise the issue of lesser included offense at the motion for directed verdict, but was not aware that he can do the same, excuse me, at the instruction stage, I think the judge found that in of itself incredible as much as the rest of the information. To the extent that defendant argues that the initial attorney, the trial attorney either did not testify or was not called, there was no reason for him to be called. To the extent that this court would find that there is any further testimony that is necessary, since it was outside the record, that would probably properly be the subject of a post-conviction petition. And obviously, we cannot look into facts outside the record. But even assuming arguendo that this court were to find that counsel's decision was flawed, defendant cannot demonstrate prejudice, because under the facts of this case, there is no way he could have been entitled to a lesser included instruction. The people agreed generally that aggravated criminal sexual abuse can be a lesser included offense of aggravated criminal sexual assault. But given the way that the instant case was charged and the evidence that was presented, in this case, there is not even the slightest evidence that defendant could be found guilty of a lesser included offense. The reason being is that in this case, defendant was charged with having digitally penetrated the victim's vagina. The testimony established that a female sex organ includes the labia majora and minora, and that the vagina is inside of both of these. Because defendant acknowledged that he touched the victim's vagina, defendant, by both medical and anatomical definition, and by the evidence presented, including his own confession, must have penetrated the victim's sex organ. This is not a case where, depending on either the charges or the evidence presented, where a victim said that she was touched down there, or on the butt, which could be susceptible to different interpretations. In this case, the only evidence that defendant is suggesting would have possibly contributed to a lesser included offense was the testimony of the police officer on cross-examination. When asked the question if the defendant admitted to penetrating, he said, well, he said he rubbed the vagina, and then counsel, in closing, said he rubbed, he touched, he tickled, he fondled. All of those acknowledged that he touched the vagina, which is inside the sex organ. So in this case, even if counsel had requested, or the defense had requested, the defense would not have been entitled to a lesser included instruction. For these reasons, we would ask that the court affirm both, all of the convictions and sentences, and I am open to any questions. Thank you. Justice Bridges, do you have any questions? I do. Thank you. Counsel, let me start where you ended, essentially, regarding the record. Based upon the record that we have before us, how can we agree that the trial court's finding that it was the defendant's decision to be all or nothing as opposed to presenting a lesser included without having conferred or heard taken evidence from defense counsel? Well, obviously, the record is silent on that. So as I said, to the extent that if this court were to determine that either one, the credibility finding was flawed because we didn't hear from counsel, then the appropriate remedy would be a PC, because this is all outside the record. However, the judge is able to make both credibility findings and determinations of trial strategy based on his view of the entirety of the case, not just what happened at trial, but what happened all along, and could very well have determined that based on the facts of this case, given all of the evidence, including defendant's confession, that indeed the choice of the defense and counsel's strategy, and this is a trial strategy decision, was to roll the dice and determine that the only chance was to do an all or nothing approach. It is important to note that while defendant did state that he arguably wanted or would have wanted, he never said that he told the attorney. The people are not aware of any case that stands for the proposition that an attorney must discuss the possibility of lesser included offenses with his client. Defendant certainly didn't argue that he told his attorney he wanted a lesser raised in a motion for a directed verdict, which the judge found incredible. He did not state that he wanted a lesser included offense instruction, but as I said, even if this court were to find that the decision was flawed, he wasn't entitled to a lesser included instruction, so therefore there could be no prejudice, which obviously under Strickland, if this court can find that there was no prejudice, it is easier to dismiss a ineffective assistance to counsel claim on that basis. Okay, and counsel, the statute in question that's before us provides that the failure to arraign a defendant is essentially of no issue unless objected to before the trial. Didn't the defendant in this case object here before the trial, and as I believe he did before the trial, does the fact that he had been arraigned before he filed the objection in any way should affect our position in this case? Let me say both yes and no. Why do I say that? Even if he had objected, there is no case law, there's no authority, the statute doesn't say that by objecting prior to arraignment that that somehow terminates the ability to try the defendant. It simply says if they proceed to trial without being arraigned, that might be problematic. That wasn't done here. As I stated, he did object prior to trial, but he objected approximately a year after he was arraigned. There was certainly no prejudice, so no, in the long run, there is no right to an arraignment per se, and as I said, the only cases that this court found, this court, that the people found, really, Foley was the closest and best in which this court stated that the flaw and the remedy for no arraignment was not to vacate outright the conviction, was merely to remand for arraignment and trial. That was done well in advance in this case. The people, it's speculative, but it's possible. The record demonstrates that almost every appearance by defendant was versus video, was via video. Possibly, there was some problem there, and maybe counsel wasn't able to discuss with defendant. I don't know, but again, there certainly was no prejudice. There certainly was no error, structural or otherwise. Thank you. Justice McLaren, I have no further questions. Thank you. Justice Shostak, do you have any more distinguished for me people versus Boyd, which Mr. Richards so heavily relies upon? In Boyd, it basically related that when new charges are filed based on the same conduct as initial charges, again, it doesn't relate in any way specifically to arraignment. It says that there could be a flaw or problem if new charges are filed. Here, again, it doesn't relate to arraignment. The question is, again, in Boyd, is more speedy trial. There is no speedy trial issue here, again, but for the case. I mean, defendant- Doesn't it indicate that an arraignment being a necessary precondition for trial? Doesn't Boyd say that? Yes. Arraignment is a necessary precondition for trial. It doesn't say at what point in time. Defendant was arraigned in this that but for an arraignment, a defendant cannot properly be tried. As this court stated in Foley, any trial prior to an arraignment would be a nullity. That is not what happened here. Defendant was arraigned well in advance on all of the charges, both old and new. The new charge in this case were approximately two months after defendant was first charged by information and then was subsequently charged by indictment, but again, was arraigned on all of those charges, was advised of all of those charges, had counsel first appointed and then retained for all of those prior to trial. In this case, he was arraigned prior to trial. Are in your same response to be for people versus Williams again that he relied upon correct as the indictment? Okay. Correct. All right. Okay. Nothing further. Thank you. Thank you. Thank you. I have no further questions. Justice Bridges, do you have any questions based upon what Justice Shostak asked? I do not. Thank you. Thank you. Okay. Thank you, Mr. London. Thank you. Mr. Richard, you may proceed with rebuttal. Yes, your honors. I just want to address some huge mistake in the law, apart from credibility questions, and the mistake has been repeated by counsel's argument. This is not a Strickland case. This is a Brocksmith case. The defendant has a personal right to ask for a lesser included, even if his attorney disagreed, even if his attorney believes it's the wrong strategy. It's one of the few personal rights that a defendant has. In this particular case, where defendant testified without rebuttal that he was not advised that he could ask for a lesser included, and he did not, in fact, exercise the personal right to ask for a lesser included because he didn't know that he had it. This is not a question that would be by determining whether counsel had a good strategy, a bad strategy, a different strategy. Really doesn't matter because under Brocksmith, this is not a Strickland case. This is a case like a defendant's right to choose a bench versus a jury or to testify or to not testify. It was his right to ask for the lesser, but the problem was he testified without contradiction by defense counsel or anyone else that he was never apprised of that right and therefore didn't exercise it and would have exercised it had he been told. So apart from the minor, I think, credibility issue that the judge raised, the more important thing is that the judge committed manifest error by looking at this case through the wrong lens. He looked at it as a Strickland case. It should have been looked at as a Brocksmith case. As to prejudice or whether a lesser included would have been given, I leave that to your honors. I just remind you that only slight or some evidences need to support a lesser, and there certainly can be dispute about whether some of the terms, what the terms meant that were used by the witness or the officer in terms of what a vagina includes or doesn't include. That's not something necessarily within the anatomical knowledge of a child in this instance. I think your honors could also figure out that this issue only goes to the aggravated criminal sexual assault cases. It doesn't go to the charges, does not go to convictions for child pornography. So the remand on this issue, whether it's a new hearing or a new trial, would be limited to those charges. If there are no further questions, I have no further argument. Thank you. Justice Bridges, do you have any questions? I do not. Thank you, Justice McClaren. Thank you. Justice Shostak, do you have any questions? No, no further questions. Thank you so much, Mr. Richards. Thank you. I have no further questions either. I believe the proceedings are finished. And I declare the oral argument closed. Thank you. Thank you. We will render a decision in apt time. Thank you.